UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN ORVILLE STUDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:12-cv-29-RLY-TAB |
| v. | ) | |
| | ) | |
| SHERIFF OF BOONE COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Reconsider**

Final judgment dismissing this action for habeas corpus relief without prejudice was entered on June 5, 2013. The entry of final judgment has been followed with the filing of a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")).

Given the timing of the post-judgment request just referenced relative to the entry of final judgment, and given the argument set forth in such request, the request seeks relief within the scope of Rule 59(e) and is thus treated as such a motion.

## Discussion

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989), explains that Rule 59(e) encompasses reconsideration of matters decided on the merits and should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

In this case, the court examined the circumstances of the petitioner's confinement, the reason for his detention, and the status of the prosecution against him in Boone County. Upon doing so, the court concluded that the petitioner "cannot circumvent the requirement that he exhaust available state court remedies. . . ." The petitioner seeks reconsideration of the dismissal and of the denial of a certificate of appealability. In doing so, however, the petitioner does not mention the exhaustion requirement and does not mention the criteria for issuing a certificate of appealability.

There was in this case no manifest error of law or fact. The court did not misapprehend the petitioner's claims or the nature of his challenge, nor did the court misapply the law to those claims and his status as a recently convicted defendant who had the opportunity to file a direct appeal and

perhaps thereafter an action for post-conviction relief. Accordingly, the post-judgment motion to reconsider, treated as a motion to alter or amend judgment [82], is **denied.**

  IT IS SO ORDERED.

Date: __07/15/2013_____

Distribution:

John O. Study
No. 130440
Walton Correctional Institution
691 Institution Road
Defuniak Springs, FL 32433-1850

_____William T Lawrence_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana